IN RE ESTATE OF ROTHSTEIN.

(No. 352—Decided October 23, 1958.)

*Mr. Francis M. Marley,* for appellants.

*Mr. Harry W. Frick* and *Messrs. Hunt & Ziskind,* for appellees.

MIDDLETON, P. J.   This cause is in this court on appeal on questions of law from a judgment of the Probate Court of Seneca County overruling exceptions to the first partial account of Nelson Poe, administrator *de bonis non* with the will annexed of the estate of Myer M. Rothstein, deceased.

Myer M. Rothstein died in December of 1952.   His will and codicil were admitted to probate January 13, 1953.  A petition contesting the validity of the codicil was filed April 30, 1953.  The validity of the will itself was not contested.   Upon trial, the codicil was sustained and, upon appeal to the Court of Appeals, the judgment of the lower court was affirmed.   A motion to certify the record was filed in the Supreme Court, which was overruled on October 13, 1955.

Later, on the 14th day of March 1956, appellants filed a petition in the Common Pleas Court, seeking a new trial in the case contesting the codicil.   Upon hearing, the court denied the petition, and that case is also in this court on appeal.

V. A. Bennehoff was appointed executor and trustee, and, at his death, Nelson Poe was appointed administrator *de bonis non* with the will annexed, but he was not appointed trustee.

On June 4, 1957, Poe filed his first partial account.   To this account the appellants filed exceptions which, upon hearing, the Probate Court overruled.   It is from the judgment overruling these exceptions that appeal is prosecuted to this court.

Ten grounds of error are set forth by the appellants in their assignments of error, to wit:

"1. The lower court erred in overruling the motion to strike the first partial account from the files on the ground that the Probate Court did not have jurisdiction, the papers in the estate having been certified to the clerk of courts in a will contest case."

At the time the exceptions to the partial account were overruled, the codicil had been sustained by the Common Pleas Court, the judgment had been affirmed by the Court of Appeals, and a motion to certify the record had been overruled by the Supreme Court. The judgment sustaining the codicil was in full force and effect and unimpeached at the time the exceptions to the account were overruled. At the time the exceptions to the partial account were overruled, there was not pending any action contesting the codicil. True, the appellants had filed a petition after term seeking a new trial in the action to contest the codicil. This petition for a new trial had also been denied. The filing of the petition for a new trial did not vacate or suspend the jurisdiction of the Probate Court to receive and pass upon the first partial account filed by the administrator *de bonis non*.

The authorities cited by the appellants do not have any application to the issues in the case at bar. We find that the first assignment of error is without merit.

"2. The court below erred in sustaining an objection to a question to the administrator *de bonis non* with the will annexed as to why he had failed to account of his administration for three years after his appointment as such."

The delay, if any, by the administrator *de bonis non* in filing his account was not an issue in the hearing on exceptions to the account as filed. The exceptions go only to what the administrator of the estate had done in the administration of the estate as set forth in his account and not to what he had failed to do.

"3. The court below erred in permitting the administrator *de bonis non* with the will annexed to testify to conversations between himself and his attorney."

Mr. Poe, on cross-examination, was asked concerning vari-

ous payments made to the widow as shown by the account, and he was asked what these payments were, and why they were made, and the witness answered that the payments were made after consultation with, and upon the advice of, counsel. The answer was clearly in response to the question asked, and whether the advice was correct or incorrect is of no importance. The answer is in no way prejudicial to the appellants, and, therefore, this assignment of error is without merit.

"4. The court below erred in sustaining an objection to a question of the appellants to the administrator *de bonis non* with the will annexed as to why the income of the estate was not used to pay debts of the estate."

Again it should be remembered that the exceptions to the account test the correctness of all items in the account with which the administrator charged and credited himself, whether the account shows that the administrator charged himself with all funds coming into his hands belonging to the estate, whether the account shows all payments and disbursements made by him during the period covered by the account, and, finally, whether such payments and distributions were legally made and authorized by the terms of the will. Whether the administrator failed to pay certain debts which should have been paid is not a matter raised by the exceptions to the account. It could only be pertinent in an action against the administrator by creditors, or in an action against the administrator seeking his removal. Therefore, this assignment of error is without merit.

Assignments Nos. 5, 6, 7 and 8 all involve the authority of the administrator *de bonis non* to make payments to the widow provided for in the will and codicil, and therefore, these assignments of error will be considered together and not separately.

Item III of the will of Myer M. Rothstein reads:

"I do hereby give, devise and bequeath to V. A. Bennehoff, as trustee, for the use and benefit of my wife, Loretta Belle Rothstein, all of my property, both real and personal which remains after the administration of my estate for the following uses, to wit: to pay to my said wife, Loretta Belle Rothstein, the sum of one hundred fifty ($150.00) dollars per month on the first day of each and every month during her life-time and to pay all

hospital and medical bills and to provide for her a suitable funeral and burial, in the event of her illness or death, which may be paid, if necessary, from the corpus of my estate; except as follows, to with: In the event my said wife, Loretta Belle Rothstein, shall claim her year's allowance and her 20% of my gross estate under Section 10509-54 of the General Code of Ohio, or does not elect to take under this my last will, then and in that event, after she receives her statutory allowances, the balance of my estate shall be distributed as provided in item V and VI of this my last will.''

"Giving and granting unto my said trustee all power and authority to sell and convert into cash all of my real and personal property, without the intervention of the Probate Court, in the event that it should be necessary, in order to carry out the terms and provisions of this trust.''

"Also, giving and granting unto my said trustee full power and authority to invest, sell and re-invest into such investments as may be permitted by the laws of the state of Ohio.''

Item III of the codicil reads:

"I do hereby give, devise and bequeath to V. A. Bennehoff *in trust*, for the use and benefit of my wife, Loretta Belle Rothstein, all of my property, both real and personal which remains after the administration of my estate for the following uses except as provided in item VIII herein, to wit: to pay to my said wife, Loretta Belle Rothstein, the sum of two hundred fifty ($250.00) dollars per month on the first day of each and every month during her lifetime and to pay all hospital and medical bills and to provide for her a suitable funeral and burial, in the event of her illness or death, which may be paid, if necessary, from the corpus of my estate: except as follows, to wit: In the event my said wife, Loretta Belle Rothstein, shall claim her year's allowance and her 20% of my gross estate under Section 10509-54 of the General Code of Ohio, or does not elect to take under this my last will, then and in that event, after she receives her statutory allowances, the balance of my estate shall be distributed as provided in item V and VI of this my last will.

"Giving and granting unto said trustee all power and authority to sell and convert into cash all of my real and personal

property, without the intervention of the Probate Court, in the event that it should be necessary, in order to carry out the terms and provisions of this trust.

"Also, giving and granting unto my said trustee full power and authority to invest, sell and re-invest into such investments as may be permitted by the laws of the state of Ohio; to lease and release any and all real estate, upon the best terms obtainable, which may come to him under the provisions of this will."

Both the will and the codicil clearly express the intent of the testator to provide for the care and support of his wife after his death. The language contained in both instruments, "all of my property, both real and personal which remains after the administration of my estate for the following uses," refers to the quantum of property subject to the trust and not to the time the devise or bequest to the wife is to take effect. The provisions for the care and support of the wife became effective on the date of the death of the testator and continue during the lifetime of the wife.

The trustee is given the authority, if necessary, to use the corpus of the estate in order to carry out the intent of the testator to provide for his wife. The remaindermen have interests in the estate but are not entitled to distributive shares therein until after the death of the wife and the payment to her or her personal representatives of all amounts due under the will or codicil. The executor is also given authority to sell the entire estate, if necessary, to pay the debts of the estate, and, in preserving the estate and delaying the necessity for sale, he has acted in the best interests of not only the beneficiary under the terms of the trust but also in the interests of the remaindermen. The remaindermen's interests are in no way prejudiced thereby.

V. A. Bennehoff, named as executor and trustee in the will, died, and the administrator *de bonis non* was appointed, but no successor trustee was appointed. Section 2109.26, Revised Code, provides in part:

"Whenever such a vacancy [death of the trustee] occurs and such contingency is not otherwise provided for by law or by the instrument creating the trust, or whenever such instrument names no fiduciary, the court shall, on its own motion or

on the application of any person beneficially interested, issue letters of appointment as fiduciary to some competent person or persons who shall qualify according to law and execute the trust to its proper termination.''

As far as is disclosed by the record, no application for the appointment of a trustee was filed by any person beneficially interested, nor has the court, on its own motion, appointed a trustee. The law is well settled that a trust estate will not fail for want of a trustee. There being no trustee appointed to administer the trust, the duty devolved upon the administrator to act as trustee and to administer the trust until such time as a trustee is appointed. During such interim, there is only a vague distinction between the functions and duties of an executor and that of a trustee. The question is not one of distinction between the legal incidents of executorship and trusteeship, but one of ascertaining the intent of the decedent and determining the acts necessary to carry into effect such intent. It is not essential that the administrator should have completed the performance of all his duties as executor before he entered upon the performance of the duties as trustee, since he may be acting as trustee with respect to part of the property while still acting as executor with respect to the rest of the property. 1 Scott on Trusts, 58, Section 6.

In 22 Ohio Jurisprudence (2d), 374, Section 11, it is stated:

''Where a will directed the executor to deliver certain assets to a named trustee, from the appointment of the executor the assets of the estate were held in trust for those beneficially entitled as their interests might appear, and during the administration of the estate by the executor, the legal title was held in trust for the trustee who was the owner of the equitable title and it, in turn, was a subtrustee. Until a trustee, *eo nomine,* shall be appointed to administer the trust created by will but without the naming of a trustee, an administrator *de bonis non* may include the trust in his administration of the estate.'' Citing *Peoples Savings Bank Co.* v. *Gardner,* 18 C. C. (N. S.), 204, 32 C. D., 692.

As hereinbefore stated, the remaindermen acquire no rights to distributive shares in the estate until after the death of the

wife. At such time there may be or there may not be assets left in the corpus of the estate after the payments provided for in the will and codicil are paid to the wife. Further, as hereinbefore stated, the primary intent of the testator was to take care of his wife after his death. The provisions for the remaindermen are secondary and subservient to the terms of the trust for the benefit of the wife. Settlement of the estate has been prevented for a number of years by litigation through various courts, and to delay in carrying into effect the provisions of the trust would be to defeat the clear intention of the testator as expressed in his will and codicil. In the instant case, there being no trustee appointed, the administrator *de bonis non* properly included in his administration of the estate the trust for the benefit of the wife, and to make the payments provided for by said trust. The above assignments 5, 6, 7 and 8 are not well taken.

"9. The judgment, final order and proceedings in the lower court were against the manifest weight of the evidence."

"10. The judgment, final order and proceedings in the lower court were contrary to law."

The appellants have not presented any argument either orally or by brief in support of these assignments of error. The court having found against the appellants on all preceding assignments of error, it necessarily follows that assignments 9 and 10 are found without merit, and they are overruled.

The judgment of the Probate Court is affirmed.

*Judgment affirmed.*

YOUNGER and GUERNSEY, JJ., concur.